OSWALDO RIOS, PETITIONER-APPELLANT, v.
FLEXON INDUSTRIES, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 28, 1977—Decided January 23, 1978.

Before Judges CONFORD, MICHELS and PRESSLER.

*Mr. Charles N. Miller* argued the cause for appellant (*Messrs. Miller* and *Pincus,* attorneys).

*Mr. Gerald M. Zashin* argued the cause for respondent.

The opinion of the court was delivered by

MICHELS, J. A. D. Petitioner Oswaldo Rios appeals from an order of the Division of Workers' Compensation denying his motion to vacate the dismissal of his claim petition for lack of prosecution.

On July 5, 1974 petitioner sustained a work-connected injury while employed by respondent Flexon Industries and thereafter was paid temporary disability by respondent's compensation carrier. On December 24, 1974 he filed a claim petition seeking compensation benefits. On February 6, 1975 respondent filed an answer contesting petitioner's right to such benefits. Respondent specifically denied petitioner's claim for permanent disability and sought credit for the 27 3/7th weeks of temporary disability paid petitioner, amounting to the total sum of $3,464.66.

A pretrial conference was scheduled for May 29, 1975. When petitioner's attorney failed to appear it was rescheduled for June 19, 1975. The June 19 pretrial conference was adjourned due to a conflict with petitioner's attorney. On June 23, 1975 respondent moved to dismiss the claim petition for lack of prosecution, and the Division listed the motion for argument on July 31, 1975. Apparently petitioner retained another attorney, who by letter dated July 30, 1975 requested that the motion be adjourned and carried "one cycle." The judge did not appear to have

received the request for adjournment in time. He heard the motion on the scheduled date of July 31. The judge found that petitioner failed to prosecute the matter with diligence and considered the petition abandoned, dismissing the petition for lack of prosecution. On August 6, 1975 an order of dismissal was entered and filed in Trenton.

Thereafter, on February 18, 1976 petitioner moved to restore the matter to the active trial list. The motion was adjourned and rescheduled to July 20, 1976 because of the unavailability of the attorneys for both parties. On August 10, 1976, following a hearing, the matter was restored to the active trial list and rescheduled for pretrial conference. The pretrial conference was adjourned again because of the unavailability of both attorneys and rescheduled for October 14, 1976. Petitioner's counsel requested a further adjournment of the pretrial conference because of a conflict in his schedule. The referee of compensation, who was assigned to preside at the pretrial conference, refused to adjourn the matter and on his own motion marked the file "List motion to restore before the judge who dismissed the case originally." The motion to restore was relisted for November 23, 1976. At that time the judge, who originally dismissed the petition, found insufficient good cause to vacate the dismissal and restore the case to the active trial list and denied petitioner's motion. However, he gave both parties an opportunity to present further legal argument as to the propriety of the original dismissal. On January 6, 1977 the judge reaffirmed his order denying the motion. This appeal followed.

The pivotal question raised by this appeal is whether the judge of compensation properly dismissed the claim petition for lack of prosecution in the first instance. Petitioner contends that he did not, and we agree. The dismissal of a claim petition for lack of prosecution is governed by *N. J. S. A.* 34:15–54, which provides:

*No petition shall be dismissed for want of prosecution* or for **failure to formally adjourn the cause,** *until after notice shall be served*

*by the respondent on the petitioner or his attorney that unless the cause is moved for hearing within one month from the date of the service thereof, the claim will be considered abandoned and the petition dismissed subject,* however, to the right to have the petition reinstated for good cause shown, upon application made to the deputy commissioner before whom the matter was heard or to the Commissioner of Labor within one year thereafter. No claim heretofore made shall be considered abandoned because the petition was dismissed under this section, if such petition has been reinstated for good cause shown, and such petition shall be deemed to have been dismissed without prejudice to further proceedings upon said petition, and further proceedings thereon shall be as effective as though said petition had not been dismissed. [Emphasis supplied]

 In clear and explicit language the statute prescribes the procedure to be followed for dismissal of a claim petition for lack of prosecution. The respondent is required to serve on the petitioner or his attorney a notice containing the appropriate statutory language. The notice received by respondent in this case was designated "Notice of motion to dismiss for lack of prosecution" and merely stated "Take notice that on a date to be set by the Division, the undersigned attorney for respondent shall move before the Division of Workmen's Compensation in Newark, New Jersey, for an Order dismissing Claim Petition P 33083 for lack of prosecution." The notice did not strictly comply with the mandatory requirement of the statute. See *Skislak v. Continental Mining & Smelting Corp.*, 1 *N. J.* 167, 170 (1948). See also, *Galasso v. Strengs Piece Dye Works*, 24 *N. J. Super.* 549, 551 (Cty. Ct. 1953). Since the explicit requirements of *N. J. S. A.* 34:15–54 were not met, the compensation judge erred in dismissing the claim petition for lack of prosecution. Under the circumstances, good cause existed to grant petitioner's motion to vacate the dismissal and reinstate the case to the active trial list. See *N. J. S. A.* 34:15–54; *Nemeth v. Otis Elevator Co., Inc.*, 55 *N. J. Super.* 493, 497–500 (App. Div. 1959). See also, *Beese v. First National Stores*, 52 *N. J.* 196, 200–201 (1968); *Stone v. Dugan Brothers of N. J.*, 1 *N. J. Super.* 13, 16–18 (App. Div. 1948).

Accordingly, the order of the Division of Workers' Compensation denying petitioner's motion to vacate the order of dismissal is reversed, and the matter is remanded to the Division with direction to reinstate it to the active trial list where it should be disposed of as expeditiously as possible. No counsel fees or costs are awarded petitioner on this appeal.